UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM T. LATHAM, JR.,

        Plaintiff,                                           Case No. 16-cv-10690

v.                                                        Paul D. Borman
                                                        United States District Judge

COMMISSIONER OF                         David R. Grand
SOCIAL SECURITY,                          United States Magistrate Judge

        Defendant.
_____/

OPINION AND ORDER
(1) ADOPTING MAGISTRATE JUDGE DAVID R. GRAND'S DECEMBER 27,
2016 REPORT AND RECOMMENDATION (ECF NO. 15),
(2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 16),
(3) DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 11),
(4) GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 14), AND
(5) AFFIRMING THE FINDINGS OF THE COMMISSIONER

On December 27, 2016, Magistrate Judge David R. Grand issued a Report and

Recommendation to affirm the Commissioner's decision to deny Plaintiff's claim for

disability insurance and supplemental security income benefits. (ECF No. 15, Report

and Recommendation.) Plaintiff filed Objections to the Report and Recommendation

(ECF No. 16) and Defendant filed a Response to Plaintiff's Objections (ECF No. 17).

Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts

1

of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendant's Motion for Summary Judgment (ECF No. 14), DENIES Plaintiff's Motion for Summary Judgment (ECF No. 11), and AFFIRMS the findings of the Commissioner.

## I.     BACKGROUND

The Magistrate Judge adequately set for the procedural and factual background of this matter in his Report and Recommendation and the Court adopts that summary here. (Report and Recommendation 2-6.)

## II.    STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results

in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id*.

**III.  ANALYSIS**

> **Objection No. 1: Plaintiff objects to the Magistrate Judge's finding that the Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") was not internally inconsistent.**

As Magistrate Judge Grand states in his Report and Recommendation, the ALJ found that Plaintiff has the RFC to perform a reduced range of light work, with the limitation (among others) that he needs a cane while ambulating. (Report at 14, PgID 385.) Light work is defined as work involving "lifting no more than 20 pounds at a

3

time with frequent lifting or carrying of objects weighing up to 10 pounds." (*Id.*) Plaintiff argues that the restriction of a cane for ambulation is internally inconsistent with an RFC for light work because it would require Plaintiff to be able to *carry* up to 20 pounds. (Objs. at 1-2, PgID 392-93.) The Court disagrees with Plaintiff.

The Magistrate Judge correctly found that nothing in the ALJ's RFC requires that Plaintiff be able to *carry* 20 pounds. The RFC for light work unambiguously requires only that Plaintiff be able to *lift* 20 pounds and distinguishes this *lifting* requirement in the next clause of the definition which specifies that Plaintiff must *lift and carry* up to 10 pounds. Plaintiff insists that the requirement of light work requires "the ability to lift and carry weights up to 20 pounds," but this interpretation is patently wrong. The Magistrate Judge correctly concluded that an RFC that requires ambulation with a cane and the ability to lift and carry up to 10 pounds was not internally inconsistent because it does not require Plaintiff to carry up 20 pounds. The ALJ specifically included the use of a cane for ambulation in his hypothetical to the vocational expert ("VE") and did not include a limitation of *carrying* up to 20 pounds. The VE found that with those combined limitations, there were a significant number of jobs in the national economy that Plaintiff could perform.

Plaintiff relies on *Love v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 893 (W.D. Mich. 2009), but that case discusses the "illogic" of the conclusion that a plaintiff

4

would need an assistive device to ambulate but could "carry 20 pounds." 605 F. Supp. 2d at 907. Notably, the court in *Love* did not similarly comment on the logic of the limitation, also included in the hypothetical to the VE in that case, of lifting and carrying up to *10* pounds frequently. *Love* says nothing about the logic of the limitation of the use of a cane to ambulate and a limitation of carrying up to 10 pounds. Because substantial evidence supported the ALJ's finding that Plaintiff did not need a cane for balance but only to *ambulate*, the RFC for light work, which requires Plaintiff to *carry* no more than 10 pounds and does not require Plaintiff to *carry* up to 20 pounds, is not internally inconsistent with the restriction of a cane for ambulation and is supported by substantial evidence.

> **Objection No. 2: Plaintiff objects to the Magistrate Judge's finding that the ALJ's credibility determination as to the Plaintiff was supported by substantial evidence.**

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's finding that Plaintiff was less than credible was supported by substantial evidence. An ALJ's credibility determination may not be disturbed by a court "absent compelling reasons." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The Sixth Circuit has stated that an "ALJ's credibility findings are unchallengeable," and entitled to deference due to "the ALJ's unique opportunity to observe the claimant and judge [his] subjective complaints." *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 113

(6th Cir. 2010). Plaintiff's Objections demonstrate no compelling reason why this Court should disturb the ALJ's finding that Plaintiff was less than fully credible, which the Magistrate Judge correctly concluded was supported by the following substantial evidence:

(1) Plaintiff's reporting of symptoms was not credible in light of the moderate treatment Plaintiff received in the emergency room following the accident and the effectiveness of a conservative course of treatment thereafter. Although Plaintiff states that his symptoms worsened in the days following the accident, Plaintiff then sought and received routine and conservative treatment that appeared to improve Plaintiff's symptoms. It was appropriate for the ALJ to consider Plaintiff's improvement with a conservative treatment protocol as bearing on the credibility of his claimed symptoms. *Leach v. Colvin*, No. 13-cv-13571, 2015 WL 540701, at *10 (E.D. Mich. Feb. 10, 2015) (finding ALJ's credibility determination amply supported by the record, including ALJ's consideration of evidence of the conservative nature of plaintiff's treatment plan, which undermined the claimed severity of symptoms)

(2) Plaintiff failed to follow up with his treating physician's recommendation that he be seen by a neurologist, failed to act on his physician's referral to a pain clinic and declined another treating physician's suggestion that he consider injection therapy. A claimant's failure to comply with prescribed or recommended treatment

is a factor tending to discount the credibility of his allegations of disability. *Leach*, 2015 WL 540701, at *10 (finding ALJ's credibility determination amply supported by the record, including ALJ's consideration of evidence of plaintiff's failure to comply with treatment recommendations, which undermined claimed severity of symptoms); *Rodgers v. Comm'r of Soc. Sec.*, No. 13-cv-13746, 2014 WL 6612368, at *3 (E.D. Mich. Nov. 20, 2014) (finding that the failure to follow through with treatment recommendations undermined a claimant's credibility). The Court will not disturb the ALJ's credibility finding on this issue, which is supported by substantial evidence.

Plaintiff does not deny that he declined to pursue these treatment options. Rather, Plaintiff suggests in his Objections that perhaps he had good reasons for rejecting each of these treatment recommendations, *see* Pl.'s Objs. at 5 ("Was it fear, was it lack of medical insurance?"), and notes that the Social Security Regulations list certain justifiable causes, such as intense fear of surgery, for failing to follow a recommended treatment protocol. Yet Plaintiff does not claim that he harbors such fears and certainly directs the Court to no record evidence that would support a claim that Plaintiff had "justifiable reasons" for refusing to follow recommended treatment or to act upon recommended referrals. Moreover, the referrals for a pain consultation and for injection therapy were not for surgery consultations. The Court will not

disturb the ALJ's credibility finding on this issue, which is supported by substantial evidence.

## III. CONCLUSION

For the foregoing reasons, the Court:

1) ADOPTS the Magistrate Judge's December 27, 2016 Report and Recommendation (ECF No. 15);

2) OVERRULES Plaintiff's Objections (ECF No. 16);

3) DENIES Plaintiff's Motion for Summary Judgment (ECF No. 11);

4) GRANTS Defendant's Motion for Summary Judgment (ECF No. 14);

5) AFFIRMS the findings of the Commissioner.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2017

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2017.

s/Deborah Tofil
Case Manager